UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARLENE A. o/b/o D.A.C.,[1]

|  | Plaintiff, | Case # 23-CV-616-FPG |

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                 Defendant.

## INTRODUCTION

Sharlene A. ("Plaintiff") brings this action on behalf of her son ("D.A.C.") pursuant to Title XVI of the Social Security Act (the "Act").  She seeks review of the final decision of the Commissioner of Social Security that denied D.A.C.'s Supplemental Security Income ("SSI") application.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c).  ECF Nos. 9, 11.  For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

D.A.C.'s application for SSI was filed with the Social Security Administration (the "SSA") in December 2012.  Tr.[2]  53.  D.A.C. was alleged to have been disabled since April 2012.  *Id.*  The lengthy procedural history of this matter need not be recited here.  For present

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF Nos. 5-6.

purposes, it suffices to say that on March 3, 2023, Administrative Law Judge William M. Weir ("the ALJ") issued a decision finding that D.A.C. is not disabled within the meaning of the Act. Tr. 1322-33.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).  The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation omitted).

### II.     Child Disability Standard

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924.  At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* § 416.924(b).  If so, the child is not disabled.  If not, the ALJ proceeds to step two and determines whether the child has an impairment or combination of

impairments that is "severe," meaning that it causes "more than minimal functional limitations." *Id.* § 416.924(c).  If the child does not have a severe impairment or combination of impairments, he or she is not disabled.  *Id.*  If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.924(d).  If the child's impairment meets or medically or functionally equals the criteria of the Listings, he or she is disabled.  *Id.*

To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ assesses the child's functioning in six domains: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Yourself; and (6) Health and Physical Well-Being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must cause "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* § 416.926a(a).  A child has a marked limitation in a domain when his or her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2).  A child has an extreme limitation in a domain when his or her impairment(s) "interferes very seriously" with the ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(3).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ analyzed D.A.C.'s benefits application under the process described above.  At step one, the ALJ found that D.A.C. has not engaged in substantial gainful activity.  Tr. 1323.  At

step two, the ALJ found that D.A.C. has several severe impairments, including flat feet. *Id.* At step three, the ALJ found that these impairments, alone or in combination, do not meet or medically equal a Listings impairment. Tr. 1324. Next, the ALJ found that D.A.C.'s impairments, alone or in combination, do not functionally equal a Listings impairment. Tr. 1325-33. The ALJ concluded that D.A.C. had a "less than marked" limitation in every domain. Tr. 1326. Therefore, the ALJ concluded that D.A.C. is not disabled. Tr. 1333.

## II.    Analysis

By way of background, on February 17, 2022, Plaintiff was notified that the hearing would occur on May 6, 2022. Tr. 1458. On April 6, 2022, Plaintiff's counsel notified the ALJ that she was seeking additional evidence from Dent Neurologic Institute. Tr. 1616. The letter does not indicate that records were still being sought from UBMD Orthopaedics, which had been treating D.A.C. for his flat feet. *See id.* The hearing was later adjourned to August 22, 2022. Tr. 1506. At the hearing, counsel did not indicate that additional records from UBMD Orthopaedics were outstanding. To the contrary, counsel agreed that the record was complete. *See* Tr. 1348.

It was not until more than two months later, on November 11, 2022, that counsel requested additional medical records from UBMD Orthopaedics. ECF No. 9-2 at 9. On November 28, 2022, counsel received three additional treatment notes and submitted them to the ALJ. *Id.* at 1. One is a treatment note from UBMD Orthopaedics, dated October 6, 2022, relating to D.A.C.'s flat fleet. ECF No. 9-2 at 2-4. The second is a treatment note describing the findings of a CT scan, dated October 19, 2022. *Id.* at 5. The third is a treatment note from UBMD Orthopaedics, dated November 8, 2022, relating to D.A.C.'s foot pain. *Id.* at 6-7. In his decision, the ALJ wrote that those records "were not included in a 5-day letter and will not be considered." Tr. 1322.

Plaintiff argues that the ALJ erred in two ways when he refused to consider these additional treatment notes: (1) the ALJ improperly rejected the evidence under the five-day rule; and (2) the ALJ should have accepted the evidence in accordance with his duty to develop the record.  Neither argument merits remand.[3]

The Court first turns to the five-day rule.  Under 20 C.F.R. § 416.912, a claimant bears the burden of proving that he or she is disabled.  As part of that burden, a claimant must "inform [the SSA] about or submit all evidence known to [the claimant] that relates to whether or not [he or she is] . . . disabled.  This duty is ongoing and requires [the claimant] to disclose any additional related evidence about which [he or she becomes] aware."  20 C.F.R. § 416.912(a)(1) (internal citation omitted).  In connection with that duty, a claimant must "make every effort to ensure that the [ALJ] receives all of the evidence," and must "inform [the SSA] about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing." *Id.* § 416.1435(a).  An ALJ may decline to consider evidence if a claimant fails to comply with this "five-day" rule.  *Id.*  There are several exceptions, however:

> (b) If you have evidence required under § 416.912 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
> > (1) Our action misled you;
> >
> > (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

---

[3] The Court denies Plaintiff's alternative request to issue a sentence-six remand to allow consideration of this evidence.  That type of remand is not available where, as here, the claimant possessed the evidence at the time of the administrative proceedings.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (stating that a remand under "[t]he sixth sentence of § 405(g) . . . [is] appropriate when the district court learns of evidence not in existence or available to the claimant *at the time of the administrative proceeding* that might have changed the outcome of that proceeding" (emphasis added)).

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

(i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

(ii) There was a death or serious illness in your immediate family;

(iii) Important records were destroyed or damaged by fire or other accidental cause; or

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

*Id.* § 416.1435(b)(1)-(3).

Plaintiff contends that her circumstances meet subsection (b)(3)(iv) because the evidence at issue did "not yet exist" at the time of the hearing.  ECF No. 9-1 at 22-24.  The Court disagrees.

"[T]he mere fact that the [evidence] was created post-hearing" does not, standing alone, satisfy subsection (b)'s exception to the five-day rule.  *Samuel C. v. O'Malley*, No. 22-CV-227, 2024 WL 1342771, at *6 (D.D.C. Mar. 29, 2024); *see also Becerra v. Comm'r of Soc. Sec.*, No. 21-CV-1658, 2024 WL 1253850, at *4 (E.D. Cal. Mar. 25, 2024) (collecting cases); *Robert L. v. Saul*, No. 19-CV-415, 2020 WL 1689886, at *7-8 (N.D.N.Y. Apr. 7, 2020).  A *per se* rule of admission of newly created evidence would cause obvious administrative difficulties: "that standard would allow every applicant for benefits to submit evidence created after the date of the hearing—even, as in the instant case, only two days before the administrative law judge's opinion is issued—and thereby obtain reopening of the application for consideration of that evidence."  *Brigham v. Colvin*, No. 15-CV-433, 2016 WL 4994990, at *2 (D. Me. Sept. 19, 2016); *see also, e.g., Ashley S. v. Comm'r of Soc. Sec.*, No. 19-CV-1033, 2021 WL 763725, at *4

(W.D.N.Y. Feb. 26, 2021) ("It would completely erode the purpose of the five day rule to require an ALJ to accept late records without regard to whether a claimant diligently attempted to submit the records in a timely manner."); *Ruzic v. Saul*, No. 18-CV-3122, 2020 WL 468766, at *4 (M.D. Fla. Jan. 28, 2020) ("The apparent purpose of the regulations is to permit the extremely overburdened law judges to organize and prepare for the hearings. If the regulations applied only to evidence that was in existence, it would not prevent the plaintiff from obtaining last-minute reports to bolster a claim. And, it would not provide an incentive for dilatory parties to obtain reports from current physicians.").

Instead, courts examine the factual circumstances to determine whether they meet the relevant regulatory criteria. For example, in *Robert L. v. Saul*, a court in the Northern District of New York affirmed an ALJ's decision to exclude a medical opinion that the claimant had submitted one day before the hearing. *See Robert L.*, 2020 WL 1689886, at *7-8. The claimant had requested the assessment from a physician seven days before the hearing and had received it two days before the hearing. *Id.* at *6. Despite the fact that the assessment did not technically exist until within five days of the hearing, the court concluded that the ALJ properly excluded the evidence because the claimant had not "actively and diligently" sought out the evidence prior to the hearing. *Id.* at *8.

In this case, the ALJ reasonably exercised his discretion to exclude the records on the basis that they were not included in the five-day letter. *See* Tr. 1322. It is true, of course, that Plaintiff could not have *submitted* these records in compliance with the five-day rule because they did not yet exist. But Section 416.1435(a) requires the claimant to either "submit" *or* "inform [the agency] about" any outstanding evidence. 20 C.F.R. § 416.1435(a); *see also DeGraff v. Comm'r of Soc. Sec.*, 850 F. App'x 130, 132 (2d Cir. 2021) (summary order) ("The

five-day rule does not require a claimant to obtain and submit all relevant records more than five days prior to a hearing; rather, it requires the claimant to 'inform' the ALJ of the records' existence by that deadline.").  Plaintiff apparently expected D.A.C.'s ongoing treatment with UBMD Orthopaedics to produce additional records relevant to the benefits application, *see* ECF No. 9-1 at 24, yet she chose not to inform the ALJ of that fact at any time prior to the hearing.  In fact, Plaintiff's counsel explicitly made contrary representations at the hearing: she stated that she was "not aware of anything outstanding" and had "no objections" to the evidentiary record that the ALJ identified.  Tr. 1348.  By both failing to inform the ALJ that this ongoing treatment would produce relevant records, and actively assuring him that the record was complete, Plaintiff failed to satisfy her obligation under Section 416.1435(a).  *See Hight v. Comm'r of Soc. Sec.*, No. 18-CV-11817, 2019 WL 4866746, at *11 (E.D. Mich. June 25, 2019) (plaintiff failed to satisfy Section 416.435(a) where she failed to inform ALJ that a medical opinion would be forthcoming).

In her brief, Plaintiff does not offer an explanation for her failure to inform the ALJ that D.A.C.'s ongoing treatment would produce relevant evidence that should be included in the record.  Nor does Plaintiff articulate an excuse for her explicitly contrary representations at the hearing.  Because she has not developed these arguments, Plaintiff has failed to show an "unusual, unexpected, or unavoidable circumstance beyond [her] control" that prevented her from "informing" the SSA about the evidence.  20 C.F.R. § 416.1435(b)(3).  The only excuse on which Plaintiff relies in her briefing is that the records "did not yet exist."  ECF No. 12 at 2.  As stated above, however, that does not constitute a *per se* exception to the five-day rule.

Next, Plaintiff argues that the ALJ was required to accept the evidence in accordance with his duty to develop the record.  The ALJ has an affirmative duty to develop the

administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996).  Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed his application unless it is necessary to develop an earlier period.  20 C.F.R. § 416.912(b). The ALJ must "make every reasonable effort" to help the claimant get reports from his medical sources.  *Id.*  Remand is warranted if the ALJ fails to fulfill his duty to develop the record. *Pratts*, 94 F.3d at 39.  On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence.  *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

In this case, no obvious gap existed in the record.  The administrative record in this matter is over two-thousand pages.  *See* ECF Nos. 5, 6.  There are longitudinal medical records relating to D.A.C.'s foot and ankle issues, *see, e.g.*, Tr. 346-47, 445, 1058-63, 1143, including recent treatment notes from UBMD Orthopedics dated April and May 2022, Tr. 2134-38, and an ankle evaluation from Ascend Physical Therapy dated June 2022, Tr. 2168-72.  Under these circumstances, "where the record evidence [was] sufficient for the ALJ to make a disability determination," the ALJ was "not obligated" to accept these additional records regardless of Plaintiff's noncompliance with the five-day rule.  *Kham v. Comm'r of Soc. Sec.*, No. 18-CV-790, 2020 WL 947926, at *3 (W.D.N.Y. Feb. 27, 2020).

Accordingly, the ALJ did not err in declining to consider the additional evidence, and remand is not warranted.

**CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED.   The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 23, 2024
     Rochester, New York             HON. FRANK P. GERACI, JR.
                                  United States District Judge
                                  Western District of New York